**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1258

FRUTO EXAVIER,

Petitioner,

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Selya, and Barron,
<u>Circuit Judges</u>.

<u>Stephen M. Born</u>, and <u>Mills and Born, LLP</u>, on brief for petitioner.

<u>Richard Zanfardino</u>, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, <u>Terri J. Scadron</u>, Assistant Director, and <u>Joyce R. Branda</u>, Acting Assistant Attorney General, Civil Division, on brief for respondent.

August 5, 2015

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as the respondent.

BARRON, **Circuit Judge**.   Petitioner Fruto Exavier, a native and citizen of Haiti, seeks review of the denial of his asylum application.   The Immigration Judge (IJ), in a decision affirmed by the Board of Immigration Appeals (BIA), denied Exavier's applications for asylum, 8 U.S.C. § 1158, for withholding of removal, id. § 1231(b)(3), and for protection under the Convention Against Torture.   Finding substantial evidence supports the decision of the BIA, we deny the petition for review.

## I.

To obtain relief, an asylum applicant must show that he is outside his country of nationality and cannot or will not return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."   8 U.S.C. § 1101(a)(42)(A); id. § 1158(b)(1).

In the present case, the BIA accepted for purposes of its analysis that Exavier had suffered past persecution, which warrants a rebuttable presumption that an asylum applicant has a well-founded fear of future persecution.[1]   See 8 C.F.R. § 1208.13(b)(1); Hernandez-Barrera v. Ashcroft, 373 F.3d 9, 21 (1st Cir. 2004).   That presumption can be rebutted, however, if

---

[1] Like the BIA, we assume for the purposes of this appeal that Exavier is not barred from pursuing asylum due to firm resettlement.

- 2 -

the government shows, by a preponderance of the evidence, "that conditions in the country of the applicant's nationality have changed 'such that the applicant no longer has a well-founded fear of persecution.'" Yatskin v. I.N.S., 255 F.3d 5, 9 (1st Cir. 2001) (quoting 8 C.F.R. § 208.13(b)(1)(i)(A)). And substantial evidence supports the BIA's ruling that conditions in Haiti have changed. See Laurent v. Ashcroft, 359 F.3d 59, 64 (1st Cir. 2004) ("[T]he BIA's findings of fact [must] be upheld 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (quoting 8 U.S.C. § 1252(b)(4)(B))).

As Exavier conceded before the IJ, the Duvalier government and the Ton Ton Macoutes, the parties Exavier described as responsible for his persecution over thirty years ago, are no longer in power. The government also introduced a 2010 Department of State Human Rights report to prove Haiti's current country conditions. See Uruci v. Holder, 558 F.3d 14, 21 (1st Cir. 2009). The report explains that the country is now a constitutional republic, with a multiparty political system based on presidential and legislative elections. According to the report, in 2010 "[t]he [current] government or its agents did not commit any known politically motivated killings," and there were "no reports of political prisoners or detainees" and "no reports of politically motivated disappearances by the government agents."

Exavier does argue in response that "members of his political party" -- the Christian Democratic Party -- "continue to face persecution by those who [currently] hold political power in Haiti."  But while Exavier testified that Sylvio Claude, the party's leader, was assassinated in 2011, Exavier did not testify as to who killed Sylvio Claude or why.  And though Exavier also testified that another party supporter, Jean Marie Filo, had been arrested by the current regime, Exavier then testified that he was not sure if Filo was still imprisoned, and did not provide any information on why Filo was arrested.

Thus, although Exavier argues that these incidents prove that political persecution in Haiti is ongoing, Exavier did not put forward any evidence before the IJ showing that the current government either participates in or sanctions violence on account of what he contends are his political beliefs.  For that reason, we conclude that Exavier's testimony provided little basis to question the BIA and IJ's reasonable reliance on the changed conditions in Haiti in concluding that Exavier had not demonstrated that he currently has a well-founded fear of persecution based upon his political beliefs.

The BIA's supportable conclusion that Exavier had not established a well-founded fear of persecution on his asylum claim also determines the outcome of his claims for withholding of removal and relief under the Convention Against Torture (CAT).  An

asylum applicant proves that he has a well-founded fear of persecution on account of a protected ground by showing there is a "reasonable possibility" of persecution were he to return to his home country. An applicant for withholding of removal must make the more demanding showing that it is more likely than not that such persecution would occur, see Segran v. Mukasey, 511 F.3d 1, 5-7 (1st Cir. 2007), and for the CAT claim, must show that it is more likely than not that he would be tortured upon return to his country, see Settenda v. Ashcroft, 377 F.3d 89, 94 (1st Cir. 2004). Thus, because "the BIA's rejection of [Exavier's] asylum claim withstands review," so does its rejection of Exavier's other claims. Laurent, 359 F.3d at 61 n.1.

## II.

For these reasons, the petition for review is denied.